# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SALVADOR PEREZ, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-16-809-STE ) |
| FNU CAGLE, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, has brought this action under 42 U.S.C. § 1983, alleging a violation of his rights under the United States Constitution. (ECF No. 1). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c). (ECF Nos. 61 & 70). At issue before the Court is a Motion to Dismiss filed by Defendant Adams. **(ECF No. 65)**. In the motion, Mr. Adams also requests appointment of counsel. **(ECF No. 65:3)**. For the reasons discussed below, the Court **DENIES** Defendant Adams' Motion to Dismiss and request for appointment of counsel.

## I. PROCEDURAL BACKGROUND

Mr. Perez has sued Defendant Adams, alleging that he beat and sexually assaulted Plaintiff in violation of the Eighth Amendment. (ECF No. 1:2, 4, 5). Upon initial review of the Complaint, the Court concluded that Plaintiff had stated a valid claim against

Defendant Adams in his individual capacity, limited to the recovery of monetary damages. (ECF No. 22).[1]

## II. STANDARD OF REVIEW

In ruling on a motion to dismiss, the court "'must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to . . . [P]laintiff.'" *Thomas v. Kaven,* 765 F.3d 1183, 1190 (10th Cir. 2014) (citation omitted). To survive dismissal, Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct," then the plaintiff has not "nudged (his) claims across the line from conceivable to plausible." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility requirement "serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Robbins v. Oklahoma,* 519 F.3d 1242, 1248 (10th Cir. 2008). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility. . . ." *Iqbal,* 556 U.S. at 662 (internal quotation marks and citation omitted).

---

[1] As previously discussed, an action under 42 U.S.C. § 1983 requires a deprivation by an individual "acting under color of state law." *See* ECF No. 9:12. State action has been attributed to Defendant Adams due to Plaintiff's allegations that Defendant Adams had violated Plaintiff's constitutional rights by acting in concert with state officials, namely Defendants Cagle and Neeley. *See* ECF No. 9:14.

2

A complaint fails to state a claim when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. (footnote and citation omitted). Bare legal conclusions in a complaint are not assumed to be true; legal conclusions "must be supported by factual allegations" to state a claim upon which relief may be granted. *Iqbal*, 556 U.S. at 662.

"[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Whether a complaint contains sufficient facts to avoid dismissal is context-specific and is determined through a court's application of "judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *see also Gee v. Pacheco*, 627 F.3d 1178, 1184-85 (10th Cir. 2010) (discussing *Iqbal*).

## III. DENIAL OF THE MOTION TO DISMISS

Mr. Perez has alleged that on October 16, 2014, Defendant Adams sexually assaulted Plaintiff "by pinning [him] against the cell sink and rubbing his penis area against [Plaintiff's] butt area for several seconds." (ECF No. 1:4). Plaintiff also alleges that on November 10, 2014, he was raped, beaten, and choked by Defendant Adams. (ECF No. 1:5). The Court has previously determined that Plaintiff's allegations state a valid claim against Defendant Adams. (ECF Nos. 9 & 22). Defendant Adams has filed a Motion to Dismiss, denying: (1) that he had beat and/or sexually assaulted Plaintiff and (2) that he had acted at the behest of or in concert with Defendants Cagle and Neeley.

3

(ECF No. 65).[2] In his Motion to Dismiss, Defendant Adams denies Plaintiff's allegations,[3] but he does not offer any sort of legal theory in support of his Motion to Dismiss. See ECF No. 65. Accordingly, the Court denies Defendant Adams' Motion to Dismiss. See *Iqbal*, 556 U.S. at 662 ("a complaint that states a plausible claim for relief survives a motion to dismiss.").

## IV. DENIAL OF DEFENDANT'S REQUEST FOR APPOINTMENT OF COUNSEL

In his "Request for Relief," Defendant Adams requests appointment of counsel. (ECF No. 65:3). The Court denies Defendant's request.

Courts are not authorized to appoint counsel in § 1983 cases; instead, courts can only "request" an attorney to take the case. Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(1); *see Mills v. Fischer*, 645 F.3d 176, 177 n.3 (2d Cir. 2011) ("A district court is empowered only to 'request' an attorney to represent an [in forma pauperis] plaintiff, § 1915(e)(1), but case law commonly refers to the arrangement as 'appointed' counsel."); *see generally Mallard v. U.S. Dist. Court*, 490 U.S. 296, 309 (1989) (interpreting similar statutory language, in an earlier version of the statute, to prohibit "coercive appointments of counsel").

In addition to the discretionary nature of court-appointed counsel in § 1983 cases, several other factors are relevant: (1) the merits of the claims, (2) the nature of the

---

[2] In the body of the Motion to Dismiss, Defendant Adams states that Plaintiff's allegations are "false" and a "defamation of character." (ECF No. 65:2). Defendant Adams also states that he would like for "charges and monetary damages to be filed against the Plaintiff Salvador Perez for committing perjury and filing false claims." (ECF No. 65:2). However, in his request for relief, Mr. Adams has only requested dismissal of the claims against him and appointment of counsel. If Mr. Adams would like to file a counterclaim against Plaintiff, he may do so in a separate pleading.

[3] (ECF No. 65:2).

claims, (3) plaintiff's ability to present the claims, and (4) the complexity of the issues. *See Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016). As noted by the Tenth Circuit Court of Appeals in *Rachel*,

> Each year, the district court receives hundreds of requests for legal representation and only a small number of attorneys are available to accept these requests. Accordingly, the district court must use discretion in deciding which cases warrant a request for counsel. To do otherwise would deprive clearly deserving litigants of an opportunity to obtain legal representation. The dilemma is unfortunate for litigants like Mr. Rachel. But the dilemma was not the district court's fault; that dilemma was the product of the court's lack of authority to compel legal representation or to reimburse attorneys for their time.

*Id.*

The Court has considered the factors and circumstances of this case bearing on the need for counsel. Defendant has offered no argument regarding why the Court should request that counsel be appointed. Therefore, the Court denies Defendant Adams' request for appointment of counsel without prejudice to his ability to request counsel at some later stage in these proceedings, if appropriate.

## ORDER

The Court **DENIES** Defendant Adams': (1) Motion to Dismiss and (2) request for appointment of counsel.

ENTERED on December 13, 2018.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE