IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SALVADOR PEREZ, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-16-809-STE |
| | ) |
| FNU CAGLE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Mr. Perez filed this lawsuit over five years ago, alleging a violation of his civil rights under 42 U.S.C. § 1983. (ECF No. 1). According to Plaintiff, in August 2014, he was sexually assaulted by Defendant Adams, another inmate at Joseph Harp Correctional Center (JHCC) where Plaintiff was housed, who had conspired with Defendants Cagle and Neeley (JHCC employees) to facilitate the assault. (ECF No. 1). On April 5, 2017, the Court concluded that Mr. Perez had stated an Eighth Amendment claim against all three Defendants for the alleged assault, limited to the recovery of monetary damages. (ECF No. 22). In doing so, the Court recognized that an action under 42 U.S.C. § 1983 required that the alleged deprivation "was committed by a person acting under color of state law." *See* ECF No. 9:12, *citing Bruner v. Baker*, 506 F.3d 1021, 1025–26 (10th Cir. 2007) (internal quotation marks omitted) (emphasis added). The Court concluded that Mr. Adams was considered a state actor based on Plaintiff's allegations that Mr. Adams had conspired with Defendants Cagle and Neeley to expedite the assault. *See* ECF No. 9:13 & ECF No. 22.  The Court stated:

> Mr. Perez has alleged that Defendant Adams, an inmate, conspired with Defendants Cagle and Neeley to have Plaintiff moved into his cell so that he could rape him. Specifically, Plaintiff states:
>
>> Defendant Miguel Adams (Pettis) is a citizen of Oklahoma and used the authority of state officials. . . At the time the claim(s) stated in the complaint arose this defendant was acting under color of state laws by developing a working and friend relationships with defendants Cagle and Neeley. This relationship give [sic] this defendant the authority of the state by letting him direct authority to move him [sic] victims with both force and coercion measures into his cell where he would rape them with the full knowledge and consent of both defendants Cagle and Neeley.
>
> (ECF No. 1:2). Elsewhere, Plaintiff states that "Miguel Adams (Pettis) had used the authority of Defendant Cagle to have his targeted victims coerced and forced into his cell at B-2-201, with Defendant Cagle's full knowledge of the extreme risk of harm that Defendant Adams is raping these targeted victims." (ECF No. 1:3). Plaintiff also alleges that Defendant Cagle would cover up the rapes and that both Defendants Cagle and Neeley "ordered plaintiff under coercion and threats . . . to move into cell B-2-201 . . . at the authority of only defendant Adams." (ECF No. 1:4). Finally, Mr. Perez contends that he was told not to seek protective measures against being celled with Defendant Adams because he "[wa]s Cagle's boy." (ECF No. 1:4).
>
> Mr. Perez has alleged that state actors Defendants Neeley and Cagle were responsible for moving Plaintiff into Defendant Adams' cell at his behest. According to Mr. Perez, Defendant Adams' actions are chargeable to the State because he acted with significant aid from other state officials. Plaintiff's allegations are sufficient to state an individual capacity claim for damages under 42 U.S.C. § 1983 for a violation of the Eighth Amendment. *See Leuker v. Davies*, 1991 WL 47406, *1 (10th Cir. 1991) (stating that "[t]o maintain a cause of action under § 1983 against [a fellow inmate], plaintiff would have to allege in some way that [the inmate] [had] acted in concert with state actors, such as in a conspiracy.").

(ECF No. 9:13-14).

On October 8, 2021, pursuant to a Joint Stipulation of Dismissal and a settlement between Plaintiff and Defendants Cagle and Neeley, the Court dismissed the claims

2

against Defendants Cagle and Neeley, with prejudice. (ECF No. 164). On January 17, 2022, counsel for Mr. Adams filed a Motion to Dismiss for lack of jurisdiction, arguing that the dismissal of Defendants Cagle and Neeley ("the only actual 'state actors' in the case") left only Defendant Adams, a private citizen, who is not considered a "state actor." (ECF No. 166:7). According to Mr. Adams, "[w]ithout a state actor, . . . jurisdiction is improper." (ECF No. 166:7). Mr. Perez filed a response to the Motion to Dismiss, arguing that the dismissal of Defendants Cagle and Neeley did not divest the Court of jurisdiction over Defendant Adams, who had conspired with Defendants Cagle and Neeley. (ECF No. 171). The Court agrees with Plaintiff.

Pursuant to 42 U.S.C. § 1983, "[e]very person who, *under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia*, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." (emphasis added). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "The traditional definition of acting under color of state law requires that the defendant in a [42 U.S.C.] § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed

3

with the authority of state law." *Marin v. King*, 720 F. App'x 923, 934 (10th Cir. 2018) (unpublished) (quoting *West*, 487 U.S. at 49).

Defendant Adams is a private citizen; yet as pointed out by Plaintiff, a defendant does not need to be a state officer to act "under color of" state law for § 1983 purposes. *See Dennis v. Sparks*, 449 U.S. 24, 27 (1980). In fact, "[i]t is enough that [the defendant] be a willful participant in joint action with the State or its agent." *Id.* The focus of the joint-action inquiry is "whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights." *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1453 (10th Cir. 1995). "This concerted action constitutes both the state action essential to establish a constitutional violation, and action under color of state law, custom or usage." *Carey v. Cont'l Airlines, Inc.*, 823 F.2d 1402, 1404 (10th Cir. 1987). Here, although Defendants Cagle and Neeley are no longer parties to this action, Mr. Perez had: (1) alleged a conspiracy between Defendants Cagle, Neeley, and Adams to facilitate the assault, *see supra*, and (2) presented evidence to support his claim. *See* ECF No. 1-1 (affidavit from fellow inmate, Marco Morales, who stated "It is common knowledge that inmate Miguel Adams had the authority with Unit Manager Mike Cagle to get any inmate he wanted moved in his cell at will.").

These allegations and evidence are sufficient to attribute "state action" to Defendant Adams, and that conclusion is not altered by the fact that Defendants Cagle and Neeley have been dismissed from this lawsuit. *See Dennis*, 449 U.S. at 28 (holding that dismissal of state court judge from lawsuit did not divest court of jurisdiction over remaining private parties accused of conspiring with the judge, noting: "the private

4

parties conspiring with the judge were acting under color of state law; and it is of no consequence in this respect that the judge himself is immune from damages liability. Immunity does not change the character of the judge's action or that of his co–conspirators."). Accordingly, the Court **DENIES** Defendant Adams' Motion to Dismiss (ECF No. 166).

ENTERED on March 15, 2022.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE